UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | **22 Cr. 276 (LTS)** |
| Gregoire Tournant, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Confidential Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."   Certain of the Government's disclosure material, referred to here as "Confidential Material," may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.  Disclosure material produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Confidential" by the Government in communications with defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(b) Prospective witnesses for purposes of defending this action or *S.E.C. v. Tournant*, 22 Cv. 4016 (LLS), provided that such use is consistent with the provisions of this Order.

3. The Government may authorize, in writing, disclosure of Confidential Material beyond that otherwise permitted by this Order without further Order of this Court. By consenting to this Order, the defendants and defense counsel do not concede that any material is Confidential Material and defense counsel may challenge at any time the Government's designation of disclosure material as Confidential Material. If any dispute should arise between the parties to this action as to whether any material is Confidential Material subject to the provisions of this Order, such material shall be considered Confidential Material pending further Order of this Court. Nothing in this Order modifies or alters the Government's burden to show good cause under Fed. R. Crim. P. 16(d) in any such dispute.

4. This Order does not prevent the disclosure of any Confidential Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. Except for Confidential Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Confidential Material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material, including the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

7. Nothing in this Order prevents the defendant from using or sharing information or documents that the defendant obtained or obtains from sources other than the Government, even if that information or those documents are duplicative of the materials produced by the Government pursuant to this Order.

**Retention of Jurisdiction**

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____              Date: June 24, 2022
    _____                    _____

Gina Castellano/Richard Cooper/
Nicholas Folly/Margaret Graham
Assistant United States Attorneys


/s/ *Daniel R. Alonso*                        Date: June 22, 2022
_____                           _____

Daniel R. Alonso, Esq.
Seth L. Levine, Esq.
Counsel for Gregoire Tournant

SO ORDERED:

Dated: New York, New York
       June 28, 2022


                                             /s/ Laura Taylor Swain
                                          _____

                                          THE HON. LAURA TAYLOR SWAIN
                                          CHIEF UNITED STATES DISTRICT JUDGE

4