

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 13, 2022

**BY ECF AND EMAIL**
The Honorable Laura Taylor Swain
Chief United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. Gregoire Tournant*, 22 Cr. 276 (LTS)

Dear Chief Judge Swain:

The Government writes in advance of the status conference in this case, currently scheduled for Thursday, September 15, 2022.  At the status conference, the Government proposes addressing the following topics:

1. A schedule for pretrial motions;
2. A schedule for pretrial disclosures; and
3. A trial date.

To expedite Thursday's conference, the Government sets out below its proposals on these three topics.[1]  The Government is not asking for a ruling before the conference, but instead respectfully requests that these topics be discussed and ruled upon during Thursday's conference.

**Pretrial Motions**

Defense counsel has indicated that they would like to set a bifurcated motion schedule. The defense has indicated that the first phase of motion practice will include a motion regarding the Government's alleged violation of the defendant's attorney-client privilege, as well as a motion regarding the definition of the prosecution team for disclosure purposes.  The Government does not oppose a bifurcated schedule.

The Government proposes the following agreed-upon schedule for the first set of motions, which was developed in consultation with defense counsel:

---

[1] The parties have been discussing these topics in good faith since the previous conference on June 2.  Before filing this letter, the Government discussed these proposals with defense counsel.  Where the parties agree on a proposal, it is noted.

<u>Deadlines for First Set of Motions</u>
November 14       Motions filed
December 19       Oppositions filed
January 13        Replies filed, should the Court permit them

The parties have not been able to agree upon a schedule for the second set of motions. Government requests that the Court set the motion schedule below, so that the case can proceed efficiently and expeditiously.  The Government understands that defense counsel does not yet wish to set such a schedule for these motions.  The Government's proposal is:

<u>Deadlines for Second Set of Motions</u>
March 1           Motions filed
March 29          Oppositions filed
April 12          Replies filed, should the Court permit them

**Pretrial Disclosures**

The parties have been negotiating a pretrial disclosure schedule for several weeks in good faith, but have been unable to reach an agreement.  Below is the Government's proposed schedule, which reflects several modifications requested by defense counsel.

This schedule is more generous than the pretrial disclosure schedules of many recent, highly complex financial fraud trials in the District.  Defense counsel has requested even earlier disclosure deadlines from the Government, such as receiving trial exhibits four months before trial. The Government does not believe that such early disclosure deadlines are warranted; the proposed schedule below is more than sufficient to allow the parties to prepare for trial and to try the case efficiently.

- November 14, 2022:  The Government provides to the defendant material covered by 18 U.S.C. § 3500, including material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972).

- Twelve weeks before trial: The Government provides disclosure consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts potentially to be called, if any, during the Government's case-in-chief.

- Eight weeks before trial: The defense provides disclosure consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts potentially to be called, if any, during the defendant's case.

- Eight weeks before trial: The Government provides to the defendant a list of witnesses whom the Government reasonably expects to call in its case-in-chief.  The Government provides notice to the defendant of evidence it may seek to offer pursuant to Federal Rule of Evidence 404(b).  The defendant produces material covered by Federal Rule of Criminal Procedure 16.

• Six weeks before trial: The Government provides to the defendant a list of exhibits the Government reasonably expects to seek to introduce during its case-in-chief. This exhibit list will be subject to good-faith revision as the Government continues to prepare its case for trial, including in response to the defense's list of proposed exhibits that it anticipates seeking to introduce into evidence during the Government's case-in-chief.[2]

• Four weeks before trial: Defense counsel provides to the Government a list of exhibits that the defendant reasonably expects to introduce at trial.[3] This exhibit list will be subject to good-faith revision as the defense continues to prepare for its case. Defense counsel provides to the Government material covered by Federal Rule of Criminal Procedure 26.2 and a list of witnesses whom the defendant reasonably expects to call in his case.

• Four weeks before trial: The parties provide notice to each other, consistent with the requirements of Rule 16, of rebuttal experts, if any.

**Trial Date**

The Government believes that setting a trial date at Thursday's conference is both appropriate and necessary. There are three AUSAs handling this matter and two lead defense attorneys from two different firms, all with busy schedules, including trials which have already been scheduled for 2023. Setting a trial date now will let all parties hold a date, even if months away, and avoid unnecessary delays.

Second, setting a trial date towards which all parties are working also helps ensure that the case proceeds expeditiously and efficiently. Last, this case has numerous victims, who will benefit from the certainty a trial date provides.

---

[2] The Government has discussed with defense the potential for an earlier, voluntary disclosure of exhibits, if defense agrees to certain stipulations regarding authenticity. This is because such stipulations would obviate the need for custodial witnesses, which would free up Government resources to finalize exhibits and produce them more quickly. The Government is not asking for the Court to be involved in these discussions, however. Instead, the Government is asking for the Court to order the production of exhibits six weeks before trial, regardless of whether any stipulations are agreed upon.

[3] Defense counsel has indicated that it believes it is not obligated to produce exhibits that the defense seeks to admit in support of his case through Government witnesses on cross-examination. The Government disagrees; caselaw and judicial efficiency both dictate that a defendant's Rule 16(b)(1)(A) obligation to produce items that the defendant "intends to use . . . in the defendant's case-in-chief at trial," includes not only exhibits that the defense seeks to admit in its own case, but also exhibits that the defendant seeks to admit in support of his case through Government witnesses on cross-examination. Nevertheless, that issues does not need to be decided at this time. The proposed schedule simply sets a date for the production of such defense exhibits as the Court orders, with the understanding that the parties reserve the right to argue about the scope of the disclosure at the appropriate time.

The Government would therefore request a trial in the fall of 2023.   The Government anticipates needing three to four weeks for its case-in-chief.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   s/_____
Nicholas Folly
Margaret Graham
Allison Nichols
Assistant United States Attorneys

cc: Defense counsel (by ECF and email)