# LEVINE LEE LLP
## NEW YORK

**Seth L. Levine**
1500 Broadway, Suite 2501
New York, New York 10036
212 257 4040 direct
slevine@levinelee.com

September 14, 2022

<u>VIA ECF</u>

The Honorable Laura Taylor Swain
Chief United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *United States v. Gregoire Tournant*, 22-cr-276 (LTS)

Dear Chief Judge Swain:

We respectfully submit this letter on behalf of Defendant Greg Tournant in response to the Government's September 13, 2022 letter. (ECF 22.)

**Schedule for First Set of Motions**

As noted in the Government's letter, the defense intends to file an initial set of motions with the Court, including a motion concerning the Government's invasion of Mr. Tournant's attorney-client privilege, as well as a motion concerning the Government's compliance with the Court's *Brady* Order (ECF 13), and related matters such as the composition of the Prosecution Team.

Prior to the Government's letter, the defense believed that the parties had reached agreement with the Government on two issues: (1) that the Government would produce 3500 materials, including witness statements and related statements from counsel of witnesses and presentations, as well as *Giglio* material, by October 15; and (2) a briefing schedule for the first set of motions, with opening briefs due on November 14. The defense agreed to the briefing schedule based on its understanding that the Government would make the October 15 production, a month in advance of the opening brief deadline, and (1) the Government's compliance with the Court's *Brady* Order (*see* ECF 13) was not impacted, or in any way delayed, by this briefing

schedule, as well as (2) the Government's willingness to consider early production of materials relating to the defense's attorney-client privilege motion before October 15.

At no time prior to the Government's letter did it suggest that it would not abide by the October 15 production date. The Government changed its proposal from October 15 to November 14 without providing the defense notice of this change prior to filing its letter. Plainly, there would have been no agreement by the defense on the briefing schedule had we known this.[1] Therefore, we ask that the Court either order the Government to produce the materials by no later than October 15, as agreed, or extend the briefing schedule on the first set of motions according to the following:

**December 16**: Motions filed
**January 20**: Oppositions filed
**February 10**: Replies filed

**Remainder of the Case Schedule**

The defense believes that it is premature to set a schedule with respect to the remainder of the case at this time, including a schedule for a second set of motions, pretrial disclosures, and a trial date. The Government has produced over 3 terabytes of data, totaling well over 7 million pages of documents, to the defense in this incredibly complex case. While the defense is doing its best to work through the material provided, we are not yet able to estimate when it will be in a position to proceed with its second set of motions or trial. Given the complexities of this case, the defense respectfully submits that there is an insufficient record on which to make reasonable decisions on case schedule now. However, if a trial date is set, it should be no earlier than 2024.

We thank the Court for its consideration and we are happy to address any of the foregoing at tomorrow's conference.

Respectfully Submitted,

/s/ Seth L. Levine
Seth L. Levine

cc:   Counsel for all parties (via ECF)
      Daniel R. Alonso, Esq. (via ECF)

---

[1] The defense asked the Government to submit a joint letter setting forth the parties' agreements and disagreements on scheduling, but the Government rejected this request.