January 5, 2024

**VIA ECF**
The Honorable Laura Taylor Swain
Chief United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *United States v. Gregoire Tournant*, 22-cr-276 (LTS)

Dear Chief Judge Swain:

We respectfully submit this joint letter pursuant to the Court's December 13, 2023 Memorandum and Order directing the parties to confer regarding pretrial disclosure and motion deadlines. The parties have conferred, but have not been able to reach an agreement on all deadlines. The parties' respective proposals are set forth in the chart below.

| Event | Government Proposal | Defense Proposal |
|---|---|---|
| **Pretrial Disclosures** | | |
| The Government provides 3500 material. | 12 weeks before trial | 12 weeks before trial, with the exception of investor or victim proffers, which should be turned over immediately. <br><br> On an ongoing basis, the Government should also provide new and/or updated 3500 material for any witnesses for which material has already been produced, and should immediately produce any remaining material from counsel for Allianz that has not yet been produced. |
| Disclosure, consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts potentially to be called, if any, during the Government's case-in-chief. | 12 weeks before trial | 14 weeks before trial |

| | | |
|---|---|---|
| Disclosure, consistent with the requirements of Federal Rule of Criminal Procedure 16, of experts potentially to be called, if any, during the defense's case. | 12 weeks before trial | 7 weeks before trial |
| Disclosure, consistent with the requirements of Federal Rule of Criminal Procedure 16, of rebuttal experts, if any. | 8 weeks before trial | 3 weeks before trial |
| The Government provides notice to the defense of evidence it may seek to offer pursuant to Federal Rule of Evidence 404(b). | 12 weeks before trial | 12 weeks before trial. However, if the 404(b) notice includes potential evidence that may require investigation or evaluation of issues that have extensive materials, foreign discovery or other complex issues, such disclosure shall be made at least 20 weeks before trial. |
| The Government provides to the defense a list of witnesses whom the Government reasonably expects to call in its case-in-chief. | 8 weeks before trial | 12 weeks before trial |
| The Government provides to the defense a list of exhibits the Government reasonably expects to seek to introduce during its case-in-chief. | 6 weeks before trial | 15 weeks before trial |
| The defense produces material, except material introduced for impeachment, covered by Federal Rule of Criminal Procedure 16. | 8 weeks before trial[1] | The defense will produce material that it intends to use in its case-in-chief 4 weeks before trial. |

---

[1] The Government's position is that Rule 16 requires the defense to produce not only exhibits that it seeks to admit in its own case, but also exhibits that it seeks to admit in support of its case through Government witnesses on cross-examination.
The Government also requests that the Court order the defense to produce any information obtained pursuant to Rule 17(c) subpoenas, without limitation, no later than the deadline for defense Rule 16 disclosures.

| | | |
|---|---|---|
| The defense provides to the Government a list of exhibits that the defense reasonably expects to introduce at trial, including exhibits that the defense seeks to admit in support of its case through Government witnesses on cross-examination, except exhibits introduced for impeachment. | 4 weeks before trial | The defense will produce a list of exhibits that it intends to use in its case-in-chief 4 weeks before trial. |
| The defense provides to the Government a list of witnesses whom the defense reasonably expects to call in its case, should it choose to present one. | 4 weeks before trial | 4 weeks before trial |
| The defense provides to the Government material covered by Federal Rule of Criminal Procedure 26.2. | 4 weeks before trial | 1 week before the witness testifies |
| **Motions** | | |
| Opening *in limine* motions | 8 weeks before trial | 8 weeks before trial |
| Opposition *in limine* motions | 6 weeks before trial | 6 weeks before trial |
| Opening *Daubert* motions | 6 weeks before trial | 3 weeks before trial |
| Opposition *Daubert* motions | 4 weeks before trial | 2 weeks before trial |

      Additionally, the defense notes that the Government's December 20, 2023 Bill of Particulars identifies 137 entities and individuals who are alleged victims in this case, which is an even larger number than the defense was previously aware of. (Dkt. 115.) Absent promptly providing us with 3500 materials relating to investors or victims, the defense is severely prejudiced in its ability to prepare for trial. Therefore, receiving these materials is crucial to the defense's proposal. The defense respectfully intends to raise this issue with the Court at the January 9, 2024 conference.

      The Government opposes the defense's request for immediate production of all 3500 materials relating to investors or victims. The defense previously sought records of interviews with investors and potential investors pursuant to its recent *Brady* motion. (Dkt. 99, at 17-20.) This Court denied that motion. (Dkt. 114, at 14-15.) The Jencks Act does not require production of those witness interviews eight months in advance of trial. The Government's offer to produce them 12 weeks in advance of trial is significantly further out than is often the case, even in complex trials, and leaves the defense sufficient time to prepare for trial.

We thank the Court for its consideration.

|  |  |
|---|---|
| DAMIAN WILLIAMS<br>United States Attorney<br><br>　　　　*s/*　　　　<br>Thomas Burnett<br>Nicholas Folly<br>Margaret Graham<br><br>*Assistant United States Attorneys* | Respectfully submitted,<br><br>LEVINE LEE LLP<br><br>　*s/ Seth L. Levine*　　<br>Seth L. Levine<br>Alison M. Bonelli<br>1500 Broadway, Suite 2501<br>New York, New York 10036<br>slevine@levinelee.com<br>abonelli@levinelee.com<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>Daniel R. Alonso<br>Olivia A. Rauh<br>51 West 52nd Street<br>New York, New York 10019<br>dalonso@orrick.com<br>orauh@orrick.com<br><br>*Attorneys for Defendant Gregoire Tournant* |

cc: All counsel of record (via ECF)