UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                                                   No.  22-CR-276-LTS

GREGOIRE TOURNANT,

       Defendant.

-------------------------------------------------------x

## ORDER

After further discussions with the U.S. Probation Office, it has come to the attention of the Court that the offense level computation for Counts One and Two of the Superseding Information to which Mr. Tournant pleaded guilty (docket entry no. 139), as enunciated by the Court at the December 6, 2024 sentencing hearing, was incorrect.

Specifically, absent an enhancement based on loss amount under Section 2B1.1 of the Sentencing Guidelines, a minimum offense level of 12 is required in connection with the sophisticated means enhancement, and the additional point for acceptance of responsibility is applied, thus the applicable Guidelines offense level is 13, calculated as follows:

1. **Base Offense Level:** The guideline for a violation of 15 U.S.C. § 80b-6(4) is U.S.S.G. § 2B1.1. The base offense level is 6 because the offense of conviction carries a statutory maximum term of imprisonment of less than 20 years. U.S.S.G. § 2B1.1(a)(2).  **<u>6</u>**

2. **Specific Offense Characteristics:** The scheme involved sophisticated means based on the combination of measures employed to increase the investor's investment risk exposure as listed under the <u>Methods of the Scheme</u> sub header in the <u>Offense Conduct</u>. One component of those measures involved the alteration of reports sent to the investor victims. Therefore, a two-level increase is warranted. **However, because the offense level is less than 12, the offense level is increased to 12.** U.S.S.G. § 2B1.1(b)(10)(C).  **<u>+6</u>**

3. **Specific Offense Characteristics:** The offense involved a violation of securities law, namely the Investment Advisers Act of 1940 (15 U.S.C. § 80b et seq.),  and,

at the time of the offense, the defendant was an investment advisor, as defined in 15 U.S.C. § 80b-2(a)(11), namely any person who, for compensation, engages in the business of advising others, either directly or through publications or writings, as to the value of securities or as to the advisability of investing in, purchasing, or selling securities. Therefore, a four-level increase is warranted. U.S.S.G. § 2B1.1(b)(20)(A)(iii).                                                                                                                **+4**

4. **Victim Related Adjustment:** None.                                                                                         **0**

5. **Adjustment for Role in the Offense:** While an enhancement under U.S.S.G. § 3B1.3, for Abuse of Trust or Use of a Special Skill would apply given the facts of the case, pursuant to Application 16(C) of U.S.S.G. § 2B1.1, when an enhancement under U.S.S.G. § 2B1.1(b)(20) applies, this role adjustment does not apply.                                                                                                                                                         **0**

6. **Adjustment for Obstruction of Justice:** The defendant willfully obstructed or impeded the administration of justice with respect to the investigation of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction. Specifically, the defendant was involved in the production and provision of false and altered documents to the SEC during their investigation, therefore, two levels are added. U.S.S.G. § 3C1.1.                                    **+2**

7. **Adjusted Offense Level (Subtotal):**                                                                                 **18**

8. **Chapter Four Adjustment:** None.                                                                                       **0**

9. **Acceptance of Responsibility:** The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a).                                                                                              **-2**

10. **Acceptance of Responsibility:** The defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. U.S.S.G. § 3E1.1(b).                           **-1**

11. **Zero-Point Offender:** The defendant meets the criteria at U.S.S.G. §§ 4C1.1(a)(1)-(10). Therefore, the defendant is a Zero-Point Offender, and the offense level is reduced by two levels. U.S.S.G. §§ 4C1.1(a) and (b).                                               **-2**

12. **Total Offense Level:**                                                                                                     **13**

With an applicable Guidelines offense level of 13, and a Criminal History Category of I, the advisory Guidelines range for a custodial sentence is therefore **12 to 18 months**, in Zone C. The Court believes that this range, which is higher than the benchmark used

at the December 6th sentencing hearing, more appropriately, albeit still only partially, reflects the severity of the conduct to which Mr. Tournant admitted guilt.  The Court is therefore not inclined to modify the sentence imposed at said hearing, which was an upward variance from the advisory Guidelines range previously calculated, to reflect the higher Guidelines range.

In view of the foregoing error, the parties are, however, directed to meet and confer, and to file a joint letter by **December 18, 2024**, indicating whether either of the parties believes that resentencing or further submissions are necessary, or whether both parties consent to the amendment of the Judgment, as filed at docket entry no. 172, to correct the offense level calculation and related provisions of the presentence report pursuant to Federal Rule of Criminal Procedure 35(a), with no change to the sentence imposed.

SO ORDERED.

Dated: New York, New York  
     December 13, 2024

    /s/ Laura Taylor Swain  
LAURA TAYLOR SWAIN  
Chief United States District Judge